## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Merchant & Gould P.C. (a Minnesota professional Corporation), | Court File No: _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| Premiere Global Services, Inc. (a Georgia Corporation), | |
| Defendant. | |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441 and § 1446, Defendant Premiere Global Services, Inc. ("PGI") removes to this Court the state-court action described in paragraph 1 below.

### THE REMOVED CASE

1.  The removed case is a civil action in which the Complaint and Summons were served on PGI on October 21, 2009. As commenced, this matter is venued in the District Court of Hennepin County, State of Minnesota, and styled *Merchant & Gould (a Minnesota professional Corporation), Plaintiff v. Premiere Global Services, Inc. (a Georgia Corporation), Defendant*. Because this matter has not yet been filed in the District Court of Hennepin County, there is no state court file number for this action.

### PAPERS FROM REMOVED ACTION

2.  As required by 28 U.S.C. § 1446(a), attached as Exhibit A are true and correct copies of all process, pleadings, and orders served upon PGI in the removed case.

## THE REMOVAL IS TIMELY

3.      28 U.S.C. § 1446(b) requires that notice of removal of a civil action or proceeding be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.

4.      Attached as Exhibit B is a true and correct copy of the Affidavit of Anne E. Jacobs, which establishes the date of service of the Complaint and Summons in the above-captioned matter.  Here, suit against PGI was commenced on October 21, 2009, when PGI was served with the Complaint and Summons.  *See* Minn. R. Civ. P. 3.01 (noting that "[a] civil action is commenced against each defendant: (a) when the summons is served upon that defendant[.]").  This Notice of Removal is filed within 30 days of that service as required by Section 1446(b).

## FEDERAL COURT JURISDICTION IS PROPER

5.      Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."  Here, this requirement is met.

6.      Plaintiff's Complaint seeks damages arising from alleged violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227.  (*See* Pl.'s Compl. at ¶¶ 8-15.)  Because 47 U.S.C. § 227 is a federal law of the United States, this Court has original jurisdiction under 28 U.S.C. § 1331.

7.     As admitted in the Complaint, Plaintiff is a citizen of Minnesota.  (Pl's Compl. at ¶ 1.)  Plaintiff is a Minnesota corporation, operating as a law firm in Minneapolis, Minnesota.  (*Id.*)

8.     Defendant PGI is not, and was not at the time the action was commenced, a citizen of Minnesota.  (Pl's Compl. at ¶ 2.)  PGI is, and at the time the action was commenced was, a Georgia corporation with its principal place of business located at the Terminus Building, Suite 1000, 3280 Peachtree Road N.W., Atlanta, Georgia 30305.  (*Id.*)

9.     Plaintiff seeks damages in the amount of $500.00 per unwanted fax transmission, as well as enhanced damages as provided by 28 U.S.C. § 227.  (Prayer for Damages at ¶¶ 1-2.)  Plaintiff alleges that Defendant sent "[a]t least approximately two hundred (200) such faxes."  (Pl's Compl. at ¶ 3.)  Based on these allegations, Plaintiff's Prayer for Damages seeks compensation in the amount of at least $300,000.00.  *See* 28 U.S.C. § 227(b)(3) (providing recovery of triple damages for knowing or willful violations).  Even without enhanced damages under 28 U.S.C. § 227, Plaintiff's alleged damages of $500.00 per fax transmission total at least $100,000.00.

10.    Because Plaintiff and PGI are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, this Court also has original jurisdiction under 28 U.S.C. § 1332.

11.    Because this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, this action is removable pursuant to 28 U.S.C. §§ 1441 and 1446.

12.     If any question arises as to the propriety of the removal of this action, PGI requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

13.     In addition, nothing in this Notice of Removal shall be interpreted as a relinquishment of any of PGI's rights to assert any defenses including, without limitation, the defense of (1) lack of jurisdiction over the person, (2) improper venue, (3) insufficiency of process, (4) insufficiency of service of process, (5) failure to state a claim, or (6) any other procedural or substantive defense available under state or federal law.

## FILING OF REMOVAL PAPERS

14.     Pursuant to 28 U.S.C. § 1446(d), PGI shall serve written notice of the removal of this action on Plaintiff's counsel, and a Notification of Filing Notice of Removal will be filed with the District Court for the County of Hennepin, State of Minnesota.  A true and correct copy of this Notification is attached as Exhibit C.

**WHEREFORE**, Premiere Global Services, Inc. hereby removes the above-captioned action from the District Court for the County of Hennepin, State of Minnesota, and requests that further proceedings be conducted in this Court as provided by law.

Dated:  November 6, 2009            **MASLON EDELMAN BORMAN &**
                **BRAND, LLP**


By:  s/JoLynn M. Markison
   David T. Schultz (#169730)
   JoLynn M. Markison (#0386876)
3300 Wells Fargo Center
90 South 7th Street
Minneapolis, MN 55402
Telephone:  (612) 672-8399
Facsimile:  (612) 642-8399

**ATTORNEYS FOR DEFENDANT
PREMIERE GLOBAL SERVICES, INC.**