# EXHIBIT A

| | |
|---|---|
| State of Minnesota<br>County of Hennipen | DISCTIRCT COURT<br>Fourth Judicial District<br>Case Type: Civil/MISC |

Merchant & Gould P.C.
  Plaintiff,

vs.              **SUMMONS**

Premiere Global Services, Inc. (a Georgia Corporation)
Defendant.

File No. _____
Judge _____

**THE STATE OF MINNESOTA TO THE ABOVE-NAMED DEFENDANT:**

  You are hereby summoned and required to answer the Complaint of Plaintiffs in the above-titled action. The Complaint is hereto attached and herewith served upon you and you are required to serve a copy of your Answer to the said Complaint on the Plaintiffs' attorney at Suite 3200 IDS Center, 80 S. Eighth Street, Minneapolis, MN 55402, within twenty (20) days after the service, and if you fail to answer the said Complaint within the time aforesaid the Plaintiff in this action will apply to the Court for the relief demanded in said Complaint.

  Rule 114 of the Minnesota General Rules of Practice provides that alternative dispute resolution (ADR) must be considered for nearly all civil cases filed in district court. Upon receipt of the completed Certificate of Representation and Parties required by Rule 104 of the General Rules of Practice, the court administrator will provide the attorneys of record and any unrepresented parties with information about ADR processes available to the county and the availability of a list of neutrals who provide ADR services in that county. After the filing of this action, the parties are required to

**EXHIBIT A**

promptly confer regarding case management issues, including the selection and timing of the ADR process. Following this conference ADR information shall be including in the information statement requested by Rules 111.02 and 304.02 of the Minnesota General Rules of Practice.

Dated: 22 Sept. 2009

MERCHANT & GOULD

By: _John A. Clifford_
John A. Clifford    Atty No. 134,181
Attorney for Plaintiff
3200 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402

State of Minnesota
County of Hennipen

DISCTIRCT COURT
Fourth Judicial District
Case Type: Civil/MISC

Merchant & Gould P.C.
(a Minnesota professional Corporation)
    Plaintiff,

vs.

**COMPLAINT**

Premiere Global Services, Inc. (a Georgia Corporation),
Defendant.

File No. _____
Judge _____

    Plaintiff, for its cause of action against Defendant, states and alleges as follows:

### BACKGROUND

1. Plaintiff is a professional corporation operating as a law firm in Minneapolis, MN and is a Minnesota professional corporation.

2. Defendant, on information and belief is a Georgia Corporation doing business as an on-demand applied communication technologies company at 3280 Peachtree Road N.W., The Terminus Building, Suite 1000, Atlanta, Georgia 30305. On information and belief, Defendant has a full time sales representative located in St. Paul, Minnesota, and does business regularly in the State of Minnesota. Defendant distributes, for a fee, the commercial advertisements and other communications of its customers to owners of fax machines. Defendant distributes hundreds or thousands of such faxes at a time through a process known as "fax blasting" or "junk faxing."

3. Between at least January of 2008 and the present time the Defendant caused advertisements to be distributed via fax transmission to the Plaintiff offering the goods or services of various third parties to the Plaintiff or its employees. At

1

least approximately two hundred (200) such faxes were sent by the Defendant, and received by the Plaintiff at one or more of Plaintiff's fax machines or the equivalent.

4. On information and belief, all of the above described fax transmissions were unwanted commercial advertising and there is no preexisting or established business relationship between the Plaintiff and the Defendant, or between the Plaintiff and any of the third parties who used the Defendant to send junk faxes.

5. On information and belief the Defendant caused similar or identical fax transmissions to be sent to a large number of businesses and individuals offering the services of the third parties. On information and belief the Defendant had no established prior business relationship with most, if not all of the recipients of these fax transmissions.

6. Several of the fax transmissions sent by the Defendant included spoofed or inaccurate sending identification data, namely the sender fax number placed across the top of the fax was not the number from which the transmission originated. Defendant knew of this and engaged in such spoofing willfully.

7. Several of the fax transmission sent by the Defendant included "opt out" information or procedures that were illegible, too small to survive fax transmission or were otherwise ineffective.

## COUNT ONE

The above paragraphs 1 through 7 are incorporated herein as if repeated.

8. The Defendant has violated 47 U.S.C. § 227, commonly known as the Junk Fax Prevention Act and the Telephone Consumer Protection Act through its conduct.

9. Plaintiff brings this action seeking damages and financial compensation as called for in 47 U.S.C. § 227.

10. The undersigned has written to the defendant on two occasions seeking to address defendant's improper actions and seeking to avoid litigation. Copies of these letters are attached hereto as Exhibits A and B. No reply has been made by the Defendant to these letters other than a phone call from Defendant's sales representative suggesting that Defendant's legal staff was made aware of the letters.

11. Defendant's violation of law has been willful and this is an exceptional case.

12. Plaintiff has been damaged by not less than $500 per fax as set forth in the statute.

13. Plaintiff requests that the legal fees and administrative costs associated with this matter be paid by the Defendant.

14. Plaintiff further requests an injunction preventing further violation of the Junk Fax Prevention Act and the Telephone Consumer Protection Act by the Defendant and all others acting in concert with the Defendant including all officers, managing agents, or others acting in concert or at the direction of any of them.

15. Plaintiff further seeks any and other such further relief as the Court shall deem just and equitable.

WHEREFORE Plaintiff prays for judgment against the Defendant, Premiere Global Services, Inc. as follows:

1. For an award of damages in an amount not less than $500.00 per unwanted fax transmission.
2. For an award of enhanced damages as provided by statute in the Junk Fax Prevention Act and Telephone Consumer Protection Act.
3. For an injunction against the Defendant to prevent further violations of the Junk Fax Prevention Act and Telephone Consumer Prevention Act.

4. For an award of legal fees and costs.
5. For such other and further relief as the court deems fair and just.

Dated: Sept 22, 2009

MERCHANT & GOULD

By: *John A. Clifford*
John A. Clifford    Atty No. 134,181
Attorney for Plaintiff
3200 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
(612)336-4616

## ACKNOWLEDGMENT

The undersigned, on behalf of Plaintiff, hereby acknowledges that sanctions may be imposed pursuant to Minn. Stat. § 549.211 for violation of the rules.

Dated: Sept 22, 2009

MERCHANT & GOULD

By: *John A. Clifford*
John A. Clifford    Atty No. 134,181
Attorney for Plaintiff
3200 IDS Center
80 S. Eighth Street
Minneapolis, MN 55402
(612) 336-4616



## Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
TEL 612.332.5300
FAX 612.332.9081
www.merchant-gould.com

A Professional Corporation

John A. Clifford
612.336.4616
jclifford@merchant-gould.com

August 13, 2009

VIA CERTIFIED MAIL

Premier Global Services, Inc.
250 Sixth Street East
Suite 623
St. Paul, MN 55101

Re:  Junk Faxes
     Our Ref: 8211.8USAA

Dear Sirs:

I write on behalf of my law firm, Merchant & Gould, to seek your assistance in investigating a clear violation of the Junk Fax Statute (47 U.S.C. § 227). I am aware that your firm was retained by Advanstar, Inc. to distribute fax messages for them. I have addressed my concerns about their involvement in this matter directly with them. I write to ask you to disclose to me the number of fax transmissions you sent to my law firm on behalf of yourself or one of your customers. I am specifically interested in approximately 200 fax transmissions sent to my firm from the following telephone numbers: 732-389-4940 and 732-642-3012.

Based on the information I have at my disposal I believe your firm was responsible for some or all of these transmissions, each was an unwanted commercial message prohibited by the Junk Fax Statute and our firm has no previous business relation with you or your customer that would excuse these transmission from violating the statute.

Please respond within 10 days of the date of this letter to identify the number of fax transmissions you send to Merchant & Gould on behalf of your customers where there is no pre-existing business relationship between our firm and your customer. As you know, there is a monetary penalty for the Junk Fax Statute and it is your responsibility to comply with the law.

I look forward to hearing from you.

Sincerely,

*John A. Clifford*

John A. Clifford
JAC/aes

Atlanta | Denver | Knoxville | Omaha | Minneapolis | Seattle | Washington DC

# Merchant & Gould
An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
Tel. 612.332.5300
Fax 612.332.9081
www.merchant-gould.com

A Professional Corporation

Direct Contact | John A. Clifford
612.336.4616
jclifford@merchant-gould.com

September 1, 2009

Premier Global Services, Inc.
Attn: President
250 Sixth Street East
Suite 623
St. Paul, MN 55101

Re: Junk Faxes
    Our Ref: 8211.8USAA

Dear Sirs:

I wrote to you on August 13th concerning an apparent violation of the Junk Fax Statute. A copy of that letter is enclosed. To date, I have received no reply even though this matter is of a significant importance to your firm and my own.

Please give this matter the attention it deserves and reply to me promptly. I am prepared to commence litigation against your firm and will do so if I am unable to advance the matter with your help.

Sincerely,

John A. Clifford
JAC/aes
Enclosure



Atlanta | Denver | Knoxville | Omaha | Minneapolis | Seattle | Washington DC